IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BRIAN FARABEE, | |
| Petitioner, | |
| v. | CIVIL ACTION NO. 2:15-cv-256 |
| COMMISSIONER,<br>Virginia Department of Behavioral<br>Health and Developmental Services, et al. | |
| Respondents. | |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Brian Farabee's ("Farabee") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Farabee's Petition named the Superintendent of Meherrin River Regional Jail ("Superintendent"), the Director of the Virginia Department of Corrections ("VDOC"), and the Commissioner of the Department of Behavioral Health and Developmental Services ("the Commissioner") as respondents. *Id.* On October 26, 2015, respondents VDOC and the Commissioner filed identical motions to dismiss. ECF Nos. 10 and 14. The motions were referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** Farabee's Petition, ECF No. 1, against the Superintendent and the Commissioner be **DISMISSED WITH PREJUDICE**, Respondent VDOC's Motion to

1

Dismiss, ECF No. 10, be **GRANTED**, and Farabee's Petition against the VDOC, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKROUND

Farabee's relationship with the VDOC and the Commissioner is long-standing. Farabee has been moved between psychiatric institutions and VDOC facilities for over twenty-five years. On May 3, 1999, Farabee was adjudicated Not Guilty by Reason of Insanity ("NGRI") of an arson charge, whereupon he was remanded to the custody of the Commissioner pursuant to Virginia Code § 19.2-182.3, and committed to Central State Hospital ("CSH"). This civil commitment order and Farabee's need for inpatient hospitalization is frequently reviewed: Virginia Code § 19.2-182.5 requires that when a person is committed to an inpatient hospital after being found NGRI, "the committing court shall conduct a hearing twelve months after the date of commitment to assess the need for inpatient hospitalization . . . at yearly intervals for five years and at biennial intervals thereafter." Va. Code § 19.2-182.5(a).

Since the 1999 adjudication, Farabee has spent the majority of his confinement at CSH, with periods of incarceration at the VDOC due to convictions he incurs, generally for assaulting nurses or staff, while at CSH. For instance, on November 8, 2000, Farabee pled guilty to two counts of malicious wounding against CSH staff in the Circuit Court of Dinwiddie County ("Dinwiddie Circuit Court"). Even though Farabee has been adjudged NGRI for the 1999 arson charges, and was confined at a mental health hospital at the time of the malicious wounding charges, the Dinwiddie Circuit Court found that Farabee was competent to stand trial, accepted his plea of guilty, and sentenced him to twenty years of incarceration in the VDOC, suspending all but three years and four months and placing him on supervised probation for an indefinite

period of time. ECF No. 30, Ex. 1. In sum, when Farabee is not confined in the VDOC for specific charges, he is committed to the custody of the Commissioner based on the frequently reviewed 1999 civil commitment order.

On April 29, 2015, a show cause order was issued to Farabee, alleging that he violated the conditions of good behavior by assaulting CSH staff members in the spring of 2015. *Id.* A revocation hearing was scheduled for November 20, 2015 to determine whether his suspended sentence from 2000 should be revoked. *Id.* On May 15, 2015, Farabee filed a state habeas petition in the Supreme Court of Virginia against the Dinwiddie County Sherriff, the VDOC, and the Commissioner. *Farabee v. Adams, D.T., et al.*, No. 150772 (Va. filed May 15, 2015). This state habeas petition is still pending.[1] *Id.* On June 12, 2015, Farabee filed the instant Petition, challenging the lawfulness of this pending revocation proceeding. ECF No. 1. The following is a summary of Farabee's asserted claims:

I. Court orders to imprison Farabee, removing him from the custody of the Commissioner are void and unlawful because his order of commitment expressly states that he shall remain in inpatient hospitalization.
II. Incarceration by the Dinwiddie penal system violates Farabee's rights against double jeopardy and his Fifth Amendment due process rights.
III. The State cannot "have it both ways," simultaneously confining Farabee in the state mental health system under the Commissioner's custody and in jail under the VDOC's custody.
IV. Confining Farabee in jail under the custody of the VDOC violates the Eighth Amendment cruel and unusual punishment clause because the VDOC does not have the medical or mental health resources to care for Farabee.
V. Farabee's probation officer made inaccurate statements as a basis to revoke his 2000 suspended sentence in her April 29, 2015 violation report to the Dinwiddie Circuit Court.
VI. Farabee is denied the right to effective assistance of counsel throughout this probation revocation process.

---

[1] In his Motion for Summary Judgment, filed March 11, 2016, Farabee indicated that the Supreme Court of Virginia "dismissed" his state habeas petition on January 14, 2016. ECF No. 34 at 5. However, the case number Farabee cites, No. 15003, coincides with a *writ for prohibition* against eleven respondents. The dismissal of this case, likely unrelated to the present, would not be sufficient to exhaust his remedies here, especially considering there is an actual habeas petition pending in the Supreme Court of Virginia regarding these claims: *Farabee v. Adams, D.T., et al.*, No. 150772 (Va. filed May 15, 2015).

VII. Counsel appointed to represent Farabee on the probation revocation hearing has a conflict of interest and abandoned Farabee's case in violation of his right to counsel and his right to due process.
VIII. Judge Robert O'Hara, the judge assigned to preside over Farabee's 2015 probation revocation hearing, has a conflict of interest because he presided over one of Farabee's revocation hearings in 2003, and Farabee filed complaints to the Judicial Inquiry and Review Commission against Judge O'Hara.
IX. The suspended sentence imposed on Farabee in 2000 is unconstitutional because he is actually innocent of the charges due to his inability to knowingly and intelligently understand the proceedings against him.
X. Farabee is actually innocent of the malicious wounding charges in 2000.

ECF No. 1. On October 26, 2015, the Attorney General of Virginia ("AG"), acting on behalf of both the VDOC and the Commissioner, filed Rule 5 responses, motions to dismiss, identical briefs in support, and *Roseboro* notices. ECF Nos. 10-17. The AG filed supplemental briefs on December 14, 2015. ECF Nos. 18-19. No responsive pleading was filed by the Superintendent. On December 24, 2015, Farabee filed a Response in Opposition to the VDOC's motion, ECF No. 21, and a Motion to Strike both motions, ECF No. 24.

## II. DISCUSSION

### A. The "in custody" Requirement – Naming the Proper Respondent

While Farabee named the Superintendent as a defendant, it is unknown whether the Superintendent was ever served in this matter. Nonetheless, Farabee is not in the custody of the Superintendent. Accordingly, the undersigned **RECOMMENDS** Farabee's Petition, ECF No. 1, against the Superintendent be **DISMISSED WITH PREJUDICE**. *See* Fed. R. Civ. P. 4(m) (dismissal upon failure to timely serve process); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall . . . name [] the person who has custody over him. . . ."); Rules Governing § 2254 Cases, r. 2(a), 28 U.S.C. § 2254 ("[T]he petition must name as respondent the state officer who has custody."); *Smith v. Atty. Gen. of Va.*, No. 2:09CV513, 2010 WL 3003514,

4

at *3 (E.D. Va. June 8, 2010), *report and recommendation adopted sub nom. Smith v. Sheriff of City of Richmond*, No. 2:09CV513, 2010 WL 3003449 (E.D. Va. July 29, 2010) (dismissing petitioner's claims against a named respondent because the named party, a judge, did not have custody over the petitioner and therefore the court never had proper jurisdiction).

Nonetheless, this Court must still decide whether Farabee is in custody under the authority of the VDOC or the Commissioner. When Farabee filed the instant Petition, he listed CSH, Meherrin River Regional Jail, and the VDOC under "place of confinement." ECF No. 1 at 1. The envelope the Clerk received indicates he was physically confined in Petersburg, Virginia, at CSH. ECF No. 1 attach. 1. However, it is not misguided that Farabee would list multiple custodians as he frequently bounces between the VDOC and the Commissioner. In September of 2015, Farabee called the Clerk's Office to report that his address changed to Western State Hospital. In December of 2015, Farabee filed a Notice of Change of Address, indicating he was located at Powhatan Reception and Classification Center. ECF No. 20. In February of 2016, Farabee filed another Notice of Change of Address, indicating that he was located at Greensville Correctional Center. ECF No. 33. In April of 2016, Farabee filed another Notice, indicating he was now located at Marion Correctional Treatment Center, a mental health services facility under the Virginia Department of Behavioral Health and Developmental Services, *i.e.* the Commissioner. ECF No. 35.

On November 20, 2015, the Dinwiddie Circuit Court conducted the probation revocation hearing, finding that Farabee had violated the terms of his probation, and revoking six years and eight months of Farabee's suspended sentence from 2000. The Dinwiddie Circuit Court confined Farabee pursuant to the court's criminal probation revocation order. Further, on December 14, 2015, the AG filed two identical supplemental briefs on behalf of the VDOC and

the Commissioner, notifying the Court that "Farabee now is in the exclusive custody of Respondent Harold Clarke, Director of the Virginia Department of Corrections." ECF No. 19 ¶ 2. The AG continued, "This change in status related to Farabee's legal and physical custody requires the conclusion that the petition is moot as to all respondents except Respondent Clarke, [the VDOC], and this action should be dismissed with prejudice as to those respondents for that reason." *Id.* ¶ 3. Accordingly, regardless of where the state physically locates him, as of November 2015, Farabee is being held "in custody" pursuant to the Dinwiddie Circuit Court's order revoking Farabee's suspended sentence in 2000 for malicious wounding. And the fact that the 1999 NRGI civil commitment order may again subject him to civil confinement under the Commissioner after he serves his revoked sentence, does not entitle him to name the Commissioner as a respondent as well. Civil confinement that is a collateral result of a criminal conviction is considered a form of custody separate and apart from a petitioner's confinement under a criminal conviction. *Cf. Stanbridge v. Scott*, 791 F.3d 715 (7th Cir. 2015) (finding petitioner not in custody on a criminal conviction for aggravated sexual abuse because he was presently confined pursuant to a civil commitment order under the Illinois Sexually Violent Persons Commitment Act and had fully served his sentence of imprisonment based on the sexual abuse conviction); *see generally George v. Black*, 732 F.2d 108, 111 (8th Cir. 1984) (explaining that confinement pursuant to a criminal conviction and confinement pursuant to a civil commitment order are collateral consequences). Thus, this Court finds that Farabee is not *presently* held in custody pursuant to the civil commitment order, but is instead under the custody of the VDOC as a result of the Dinwiddie Circuit Court's November 2015 order. Accordingly, the undersigned **RECOMMENDS** Farabee's Petition, ECF No. 1, against the

Commissioner be **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 2242; Rules Governing § 2254 Cases, r. 2(a), 28 U.S.C. § 2254.

**B. Exhaustion and Mixed Petitions**

The substance of Farabee's Petition challenges the rights afforded to him throughout the probation revocation process. In the VDOC's Brief in Support of its Motion to Dismiss, the VDOC argues that Farabee has already litigated the substance of claims I, II, III, IV, IX, and X, making them successive, that some of these claims are untimely because they challenge the process of his original criminal trial in 2000 for the malicious wounding, that his claim of actual innocence is procedurally defaulted, and that claims V, VI, VII, and VIII are unexhausted because they relate to his 2015 probation revocation hearing and Farabee has not yet presented these claims to the highest state court. ECF No. 12 ¶¶ 8-16; ECF no. 19 ¶ 4 (stating again that Farabee's Petition was, at best, a mixed petition and should be dismissed without prejudice because it contains both exhausted and unexhausted claims). On January 7, 2016, Farabee filed a Motion to Amend his Petition, asserting in more detail his claims stemming from the November 20, 2015 probation violation hearing. ECF No. 26. On January 19, 2016, Farabee filed a Supplemental Opposition, arguing that "[n]one of [his] habeas claims are untimely or successive as he is attacking judgment-order(s) entered in 2015; and he has not previously filed any habeas petition with respect to said judgement-orders rendering his present imprisonment improper, wrongful, unlawful and unconstitutional." ECF No. 30 ¶ 3.

Respondent VDOC is correct. Farabee's Petition is a mixed petition of both exhausted and unexhausted claims. Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims and whether the petitioner's claims are barred by procedural default. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the

7

"Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

"Section 2254, however, does not directly address the problem of mixed petitions." *Rose v. Lundy*, 455 U.S. 509, 516 (1982). But, the purpose of the exhaustion doctrine is one of comity, and a "rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518-19. Further, fully exhausted claims in state courts will create a more complete factual record for the federal courts to review "in a single proceeding, thus providing for a more focused and thorough review." *Id.* at 519-20. The Supreme Court concluded, "In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court *must* dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522 (emphasis added).

The majority of Farabee's claims (including those claims he seeks added or amended in his motions to amend) are not exhausted. The Dinwiddie Circuit Court entered an order revoking Farabee's suspended sentence on November 20, 2015. In a footnote in a Petition for Injunctive Relief, Farabee stated that he "has appealed his November 20, 2015 suspended sentence revocation; and currently is challenging this sentence or order(s) by Dinwiddie Cir. Ct. in this Court." ECF No. 28. Farabee then filed a Motion to Stay his Petition so that he could exhaust his remedies. ECF No. 29. Farabee argued, "If [Farabee's] habeas does indeed constitute a 'mixed petition' this Court may grant [Farabee] a continuance while pursuing unexhausted claims in state court." *Id.* ¶ 2 (citing *Collins v. Lockhart*, 707 F.2d 341 (8th Cir. 1983) and *Thompson v. Wainright*, 714 F.2d 1495 (11th Cir. 1983)). In *Collins*, the Eighth Circuit ordered the district court to hold the petitioner's habeas petition in abeyance so that the Arkansas Supreme Court could consider the proportionality of the petitioner's death sentence by comparing the petitioner's sentence with similarly situated defendants because "the Arkansas Supreme Court ha[d] assumed the obligation to compare death penalty cases to others . . . considered." *Collins*, 707 F.2d at 343. Additionally, the Eighth Circuit noted that the petitioner's petition included some unexhausted claims (*i.e.* a mixed petition) and thus indicated that "total exhaustion rule of *Rose v. Lundy, supra,* requires that we defer consideration of Collins' petition until the Arkansas courts have had an opportunity to pass upon these matters." *Id.* at 344. While *Collins* does support Farabee's position, *Collins* was called into question and the Eighth Circuit reconsidered the issue thirteen years later in *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996), ruling,

> We conclude that any suggestion in our prior cases that a district court has broad discretion to hold in abeyance a habeas petition including both exhausted and unexhausted claims pending exhaustion of state remedies is contrary to the Supreme Court's explicit directions in *Rose v. Lundy*. . . . Accordingly, we hold

9

> that the District Court has no authority to hold Victor's mixed petition in abeyance. . . .

*Id.* Farabee also cited *Thompson v. Wainright*, 714 F.2d 1495 (11th Cir. 1983), but that case did not include a mixed petition. In *Thompson*, the petitioner asked the district court to withhold a ruling on his petition, which only included exhausted claims, so that he could file new claims to the state court and then have them considered all at once in the federal court. *Id.* at 1499. Unlike the petitioner in *Thompson*, Farabee's petition is a clear-cut mixed petition under *Rose v. Lundy*, 455 U.S. 509 (1982).

Further, in Farabee's Motion for Summary Judgment, he argued that he "<u>did</u> present all of his habeas claims to the Dinwiddie County Circuit Court via 'objections'/'motion to dismiss the charge' and a 'motion for substitute counsel.'" ECF No. 34 at 3 (emphasis added). Farabee also argued that this Court should excuse any unexhausted claims because his court-appointed counsel failed to follow Farabee's request to appeal. *Id.*

These arguments are meritless. Filing objections and motions in the Dinwiddie Circuit Court does not satisfy the exhaustion requirement; the claim must be fairly presented to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346 (1989). And, even if Farabee's court-appointed counsel refused his request to appeal, Farabee would not be excused from attempting to satisfy the exhaustion requirement through the state court by filing a state habeas petition. When a petitioner "can no longer pursue this claim on direct review, it must next be evaluated whether the claim is eligible to be addressed in a state habeas proceeding on collateral review." *Dumas v. Clarke*, No. 2:13-CV-398, 2014 WL 2808807, at *4 (E.D. Va. June 20, 2014), *vacated and remanded on other grounds, Dumas v. Clarke*, No. 14-7016, 2016 WL 3269464 (4th Cir. June 15, 2016); *see also Formica v. Superintendent of Cent. Virginia Reg'l Jail*, No. 7:14CV000357, 2015 WL 5561933, at *9 (W.D. Va. Aug. 21, 2015), *report and*

*recommendation adopted,* No. 7:14CV00357, 2015 WL 5561952 (W.D. Va. Sept. 21, 2015), *appeal dismissed sub nom. Formica v. Superintendent of the Cent. Virginia Reg'l Jail*, No. 15-7728, 2016 WL 1211387 (4th Cir. Mar. 29, 2016) (noting three ways a petitioner can exhaust his remedies: "First, he can raise the claim on direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Virginia Supreme Court if the lower court rules against him. Second, the prisoner can attack his conviction collaterally by filing a habeas petition in the circuit court where he was convicted, with a subsequent appeal to the Virginia Supreme Court if the trial court rules against him. Third, he can file a habeas petition directly with the Virginia Supreme Court"). Virginia law requires a habeas petition challenging a conviction or sentence other than death to "be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2). Thus, the Supreme Court of Virginia must first consider Farabee's claims before this Court's review. To the extent Farabee is concerned about the timeliness of his petition, § 2244(d)(2) provides that periods of time during which a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). 28 U.S.C. § 2244(d)(2).

Farabee filed the instant Petition in June of 2015, essentially seeking preemptive relief from this Court, challenging the state probation officer's violation report and the Dinwiddie Circuit Court's show cause order as to the violations before his probation revocation hearing even occurred. Farabee's claims have not been presented to the Supreme Court of Virginia on direct appeal, and his state habeas petition—also preemptively filed—is still pending. In the interests of comity, he must exhaust his remedies as to all claims first, as this Court is not in a

position to pitch or bat before the game has begun. The Supreme Court of Virginia must take the first swing. Consequently, the undersigned **RECOMMENDS** Respondent VDOC's Motion to Dismiss, ECF No. 10, be **GRANTED**, and Farabee's Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**, allowing him to refile a petition in this Court *after* exhausting his claims through the state court system. *See Rose*, 455 U.S. at 520 ("Those prisoners who misunderstand [the exhaustion] requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims.").

### C. Pending Motions

Multiple motions filed by Farabee are currently pending before the Court. Farabee's Motion for Appointment of Counsel, ECF No. 22, is **DENIED**. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (holding there is no constitutional right to counsel in non-capital federal habeas corpus proceedings); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Farabee's Motion for Extension of Time to File Response/Reply, ECF No. 23, is **GRANTED**, and the Court considered his supplemental response. Farabee's Motion to Strike, asked this Court to strike respondent's Rule 5 Answer, Motion to Dismiss, and Supplemental Brief because Farabee "never received this document" and it "was never sent/mailed to [him]." ECF No. 24 at 1. Whether or not Farabee received these documents timely, the Court finds no prejudice resulted since at some point Farabee received the documents and was able to respond to each document. The Court also considered, in full, all of Farabee's responses. Accordingly, Farabee's Motion to Strike, ECF No. 24, is **DENIED**. Farabee's motions to amend, ECF Nos. 26, 27 and 32, are **DENIED AS MOOT** because the Petition is being dismissed without prejudice because he failed to exhaust; he can refile a new petition after his remedies are exhausted. Farabee's Motion for Injunctive Relief, ECF No. 28, seeking this Court to order respondents "to arrange for

[Farabee] to be transferred back into a hospital of the [Commissioner] where he may serve said suspended sentence" is **DENIED** on the basis that "a prisoner has no right to a specific custody classification, to a transfer, to a non-transfer, or to work release." *Hall v. United States*, No. 5:11-HC-2159-D, 2012 WL 1196234, at *2 (E.D.N.C. Apr. 10, 2012) (citing *O'Bar v. Pinion*, 953 F.2d 74, 83-84 (4th Cir. 1991)). Farabee's Motion to Stay, ECF No. 29, is **DENIED** in that his petition contains both exhausted and unexhausted claims and this Court will not stay his petition in abeyance while he exhausts his remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982). Farabee's Motion for Discovery, ECF No. 31, is **DENIED** in that he failed to make a sufficient showing to establish the need for discovery. *See Bracy v. Gramley*, 520 U.S. 899 (1997) (reasoning, based on Rule 6(a) of the Rules Governing § 2254 Cases, that a petitioner must show "good cause" or a sufficient showing of the likelihood of merit to his claim for a motion for discovery to be granted in a § 2254 case). Additionally, Farabee's arguments in his Motion for Summary Judgment, ECF No. 34, aligns closely with those arguments he proffered in support of his motions to amend and in his responses in opposition to the Respondent's Motion to Dismiss and Supplemental Brief. Accordingly, the undersigned **RECOMMENDS** that Farabee's Motion for Summary Judgment, ECF No. 34, be **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** Farabee's Petition, ECF No. 1, against the Superintendent and the Commissioner be **DISMISSED WITH PREJUDICE**, Respondent VDOC's Motion to Dismiss, ECF No. 10, be **GRANTED**, and Farabee's Petition against the VDOC, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Farabee and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 24, 2016